{¶ 46} I respectfully dissent regarding the majority's disposition of the first assignment of error. The motion to suppress should have been granted, due to the state's failure to introduce any maintenance records for the equipment used in testing Mr. Price's blood sample, as required by Ohio Admin. Code 3701-53-01(A) and 3701-53-04(E).
 {¶ 47} In overruling the assignment of error on this issue, the majority relies on case law obligating a defendant to state with specificity his or her objections in a motion to suppress. In this case, Mr. Price failed to raise the recordkeeping issue in his initial motion, but specifically raised it thereafter in his supplemental demand for discovery. Certainly, the state was aware of the issue, having failed to respond to the supplemental *Page 17 
request. The state attempted, at the suppression hearing, to introduce a letter on the subject from the director of the Ohio State Patrol Crime Lab.
 {¶ 48} The majority contends Mr. Price should have moved to compel. Strictly speaking, true. But it is the state's burden to prove the elements of its case, particularly regarding substantial compliance with the Director of Health's rules regarding blood alcohol testing.Burnside, supra, at ¶ 24. Minor procedural errors by the defense should not relieve the state of this burden, when it seeks to imprison a man — particularly in situations such as that instant, where, due to the mandatory nature of the Director of Health's rules, the state shouldalways be prepared to show substantial compliance.
 {¶ 49} Thus, I respectfully dissent. *Page 1